United States District Court
District of Massachusetts

```
_____
                               )
NOBELCOM, LLC,                 )
        Plaintiff,             )
                               )
        v.                     )   Civil No.
                               )   12-10688-NMG
MILLENNIUM TELE CARD, LLC,     )
        Defendant.             )
_____)
```

MEMORANDUM AND ORDER

**GORTON, J.**

In considering Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, this Court has reviewed the Complaint, the supporting memorandum of law and the accompanying exhibits and affidavits and has heard oral argument from plaintiff's counsel at a hearing on May 1, 2012 of which defendant received notice but at which defendant did not appear.

The Court determines, on the basis of the foregoing, that Nobel has demonstrated a reasonable likelihood of success on the merits and a significant risk of irreparable harm if its motion for a preliminary injunction were erroneously denied. At this preliminary stage, the Court concludes that the balance of harms weighs heavily in favor of granting Nobel preliminary injunctive relief because Nobel faces a significant risk of reputational harm, loss of its ability to control the use of its mark and loss of goodwill if defendant is permitted to continue to sell and distribute to retailers the allegedly infringing product. Having

also determined that, at this stage of the proceedings, there is no need for Nobel to post a security bond pursuant to Fed. R. Civ. P. 65(c), Nobel is excused, until further notice, from posting such a bond.

## PRELIMINARY INJUNCTION

In accordance with the foregoing, plaintiff's motion for a preliminary injunction (Docket No. 2) is **ALLOWED** and it is hereby **ORDERED, ADJUDGED AND DECREED** that, from the date of this Order until further notice of the Court:

Millennium Tele Card, LLC, its officers, directors, principals, agents, employees, successors and assigns, and all persons acting in concert with them, shall not, in the Commonwealth of Massachusetts, the State of New York or elsewhere in the United States: 1) infringe on Nobel's trademark rights by using the "Excellent" name or unfairly compete with Nobel, 2) use Nobel's XCELENTE mark, or any other name or mark owned by Nobel, in a manner which is likely to cause confusion as to the source or sponsorship of defendant's business, services and products and 3) in any manner promote, market, advertise or sell prepaid phone cards that utilize the Nobel mark or related trade dress similar to the EXCELLENT mark and/or a smiling character similar to the Xcelente Graphic.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 2, 2012